**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**CYNTHIA ROGERS,** *Individually.*
*and on behalf herself and other similarly*
*situated individuals as a class*,

      Plaintiff,

        v.

**WERNER ENTERPRISES, INC.,** and
**DRIVERS MANANGEMENT, LLC**

      Defendants.

**NO.** _____

**FLSA COLLECTIVE ACTION**
**RULE 23 CLASS ACTION**

**JURY TRIAL DEMANDED**

---

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, Cynthia Rogers ("Plaintiff"), individually, on behalf of herself and other similarly situated current and former "over the road" truck driver trainees of Defendants, brings this collective action against Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Defendants") and alleges as follows:

## I.    INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and under the Nebraska Wage and Hour Act ("NWHA"), to recover unpaid minimum wages and other damages owed to Plaintiff and other similarly situated current and former employees, also known as "over the road" truck driver trainees, who are members of a class as defined herein and currently or previously employed by Defendants.

1

## II.   JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over related Nebraska state law claims because they arise out of the same circumstances and factual basis as those under 29 U.S.C. § 216(b).

4. This Court may maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because all or a substantial number of the acts and/or omissions giving rise to the unpaid wage claims asserted herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## III.   PARTIES

6. Defendant Werner Enterprises, Inc., d/b/a Werner Trucking, ("Defendant Werner") is a Nebraska Corporation with its principal office located at 14507 Frontier Road, Omaha, Nebraska 68138. Defendant Werner has been an "employer" of Plaintiff and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.

7. Upon information and belief, Defendant Drivers Management, LLC ("Defendant Drivers Management") is a subsidiary of Werner Enterprises, Inc. and an affiliate in Defendant

Werner's truck driver training program with offices located at 14507 Frontier Road, Omaha, Nebraska 68138.

8.  Upon information and belief, Defendants are, and have been, an integrated enterprise as defined by the FLSA because their business relationship consists of a common ownership with common management, operations and financial controls for a common purpose, constituting a single employer.

9.  Defendants acted by and through their agents and management members relative to the unpaid wage claims of Plaintiff and those similarly situated as set forth herein, all of whom acted in the course and scope of their employment on behalf of Defendants, during all times material to this action.

10. Plaintiff Cynthia Rogers was employed by Defendants as an "over the road" truck driver trainee within this judicial district during all times material herein. Plaintiff Rogers' Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV.    COLLECTIVE & CLASS DESCRIPTION

11. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former "over the road" truck driver trainees of Defendants in the United States who were employed by and have undergone a driver training program for Defendants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations), and three years under the NWHA, up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class")[1]

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## V.    GENERAL ALLEGATIONS

12. Defendants are a trucking and training company headquartered in Omaha, Nebraska with terminals and facilities throughout the United States. Defendants own and operate a fleet of power units (trucks) and trailers that are 100% GPS trackable.

13. Defendants were the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

14. Plaintiff and those similarly situated have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

15. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

16. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

17.  As part of their employment with Defendants, Plaintiff and similarly situated "over-the-road" truck driver trainees underwent Defendants' "over-the-road" training program, consisting of 24-hour driving segments over an extended period of time.

18. Defendants have been responsible for establishing and administering the compensation of Plaintiff and similarly situated "over-the-road" truck driver trainees during all times relevant to this collective action lawsuit.

4

19. The decisions regarding the compensation of Plaintiff and other class members, as well as other terms of employment, were made through a centralized management team of Defendants at their corporate headquarters in Omaha, Nebraska.

20. Defendants have a centralized, unified and common plan, policy and practice (scheme) of failing to compensate Plaintiff and class members at the FLSA minimum wage hourly rate of pay of $7.25 per hour for all hours worked as "over-the-road" truck driver trainees during all times material to this collective action.

21. At all times material to this action, Defendants have been subject to the pay requirements of the NWHA.

22. Defendants have been "employers" of Plaintiff and those similarly situated under the NWHA at all times material herein.

23. Plaintiff and those similarly situated have been "employees" of Defendants under the NWHA during all times relevant herein.

24. Defendants have had a centralized, unified and common plan, policy and practice (scheme) of failing to compensate Plaintiff and class members at the Nebraska minimum wage hourly rate of pay of $9.00 per hour for all hours worked as "over-the-road" truck driver trainees during all times material to this collective action.

25. Defendants' "over-the-road" training program (sometimes referred to their "long haul" training program) required Plaintiff and other similarly situated "over-the-road" truck driver trainees to "reside" in the power unit (truck) of their assigned tractor-trailer "rig" on a 24-hour per day basis, typically for continuous seven (7) day "runs."

5

26. Defendants' "over-the-road" training program required Plaintiff and other similarly situated truck driver trainees to be responsible for their assigned tractor-trailer "rigs" and the contents therein on a 24-hour basis during each such assignment.

27. The training assignments of Plaintiff and similarly situated "over-the-road" truck driver trainees began with the first movement of their assigned power unit (truck) on the first "run" of such assignment (constituting the beginning of their "workday") and continued thereafter until the completion of their last "run" when they no longer were responsible for their assigned power units and trailers (constituting the end of their "workday".)

28. Plaintiff and similarly situated "over-the-road" truck driver trainees were assigned a co-driver/trainer with whom they equally shared the driving duties and responsibilities related to their assigned tractor/trailer "rig," alternating driving duties from one to the other on a 24-hour basis for extended periods of time, in order to comply with the requirements and rules of the federal Department of Transportation ("DOT") and Defendants' standards.

29. In order to protect their assigned tractor-trailer "rig", and the contents therein, Plaintiff and other similarly situated truck driver trainees were required to, *inter alia*:

   (a) drive their assigned truck during each 24-hour period in compliance with the requirements and rules of the federal DOT and the Defendants' standards;

   (b) remain in their assigned truck any time it was in movement so they could assist the in the transportation of the cargo, even when the truck was being driven by a co-driver/trainer;

   (c) fuel up the truck and perform routine maintenance to it as needed;

   (d) remain in the immediate vicinity of their assigned tractor-trailer "rig" when cargo was being loaded into it or unloaded out of it;

6

(e)  remain in the immediate vicinity of their assigned tractor-trailer "rig" while taking what Defendants classified as rest and/or meal breaks;

(f)  remain inside their assigned truck when stopped to log time as required by the DOT and Defendants; and,

(g)  "reside" in the power unit of their assigned tractor-trailer "rig" on a 24-hour basis and continuing on a 24-hour basis for extended periods of time until the ending of their assignment to such "rig" (constituting the ending of their "workday".)

30. In order to protect each such assigned truck in which they resided, and their assigned tractor-trailer "rig" and the contents therein, Plaintiff and other similarly situated truck driver trainees were prohibited from leaving the immediate vicinity of their assigned tractor-trailer "rig" to engage in private and personal pursuits of their own from the beginning of their "workday" until the ending of their "workday," as that term is defined by the FLSA. (For example, they were not allowed to leave their assigned tractor-trailer "rig" at a truck stop or some other such location and then take a cab or other means of transportation to another location to enjoy an uninterrupted rest and/or meal break.)

31. Even when their assigned tractor-trailer "rig" was parked they were required to either have such "rig" within their "sights" or in such immediate vicinity so that they could detect any compromise of such "rig" or the contents within it, and be able to address any such compromise with dispatch.

32. Pursuant to CFR §785.22, the only non-compensable work time of Plaintiff and class members during their aforementioned 24-hour assignments as "over-the-road" truck driver trainees consisted of an eight (8) hour rest period per each 24-hour period; meaning they were required to be compensated at the minimum wage rate of pay of $7.25 per hour for

the remaining sixteen (16) hours per day of each 24-hour period (amounting to a total of $116.00 per each such day), within weekly pay periods during all times material herein.

33. However, Plaintiff and similarly situated "over-the-road" truck driver trainees were paid less than the required $116.00 per each such 24-hour period within weekly pay periods during all times material to this lawsuit.

34. Considering the NWHA does not address what constitutes compensable work hours, and as a result, looks to the FLSA for guidance in determining "hours worked," CFR §785.22 likewise applies to the Nebraska law in the same manner as addressed above. This means Plaintiff and similarly situated truck driver trainees were to be compensated of at least the Nebraska minimum wage rate of $9.00 per hour for 16 hours of each 24-hour period in which they were assigned to a specific trailer-truck "rig," and in which truck they resided, on a 24-hour basis (amounting to a total of $144.00 per each such day), within weekly pay periods during all times material herein.

35. However, Plaintiff and similarly situated "over-the-road" truck driver trainees were paid less than the required $144.00 per each such 24-hour period under Nebraska's Minimum Wage Law, within weekly pay periods during all times material to this lawsuit.

36. Plaintiff and other similarly situated "over-the-road" truck driver trainees not only were assigned to their respective tractor-trailer "rigs" on a continuous 24-hour basis, they also were required to "reside" in the power units (trucks) of such "rigs" on a 24-hour basis for extended periods, including sleeping and resting in sleeping berths available in each assigned truck -- during all times material to this action.

37. Thus, considering Plaintiff and similarly situated "over-the-road" truck driver trainees were required to "reside" in Defendants' trucks (a/k/a Defendants' premises) on a 24-hour

basis for extended periods of time, they were entitled to be paid at the FLSA minimum wage rate of pay of $7.25 per hour for each such 24-hour period (amounting to a total of $174.00 per each such day), except for periods of time during which they could engage in private and personal pursuits such as time to leave such premises for purposes of their own. (CFR §785.23)

38. Considering Plaintiff and similarly situated "over-the-road" truck driver trainees were never allowed to leave their assigned "rigs" from parked areas to engage in private and personal pursuits of their own, they were entitled to be compensated at the FLSA minimum wage rate of $7.25 per hour for each such 24-hour period (amounting to a total of $174.00) within weekly pay periods during all times material to this action.

39. They were not so compensated.

40. Considering Nebraska's deference to the FLSA in the determination of compensable work hours, as previously noted, and given that Plaintiff and similarly situated "over-the-road" truck driver trainees were never allowed to leave their assigned "rigs" when temporarily parked, to engage in private and personal pursuits of their own, they were entitled to be compensated at the Nebraska minimum wage rate of $9.00 per hour for each such 24-hour period (amounting to a total of $216.00 per day) within weekly pay periods during all times material to this action under the NWHA.

41. They were not so compensated.

42. Plaintiff and similarly situated "over-the-road" truck driver trainees reported "on-duty" and "off-duty" hours, as defined by Defendants, on Defendants' Qualcomm time keeping and tracking system.

43. Defendants routinely "edited-out" Plaintiff and class members' rest break times of less than twenty (20) minutes from their time keeping system while they were "on duty."

44. Since such rest break of less than twenty (20) minutes are compensable, Plaintiff and class member are entitled to be paid for all their such rest break times at the FLSA minimum wage rate of 7.25 per hour within weekly pay periods during all times material to this action.

45. Likewise, since such rest breaks are compensable under Nebraska' deference to the FLSA, Plaintiff and class members are entitled to be paid for all such rest break times at the Nebraska minimum wage rate of $9.00 per hour within weekly pay periods during all relevant times to this action.

46. Defendants also routinely "edited-out" Plaintiff and class members' compensable rest or meal break times of more than twenty (20) minutes from their time keeping system during each such 24-hour assignment period while "on duty" even though they were never relieved of their responsibilities to secure their assigned tractor-trailer "rigs" and, the contents within them, nor were they ever allowed to leave the immediate vicinity of their such "rigs" to engage in private and personal pursuits of their own during such rest or meal breaks.

47. Since Plaintiff and class members were never relieved of their responsibilities to secure their assigned tractor-trailer "rigs," and the contents within them, nor allowed to leave the immediate vicinity of their "rigs" to engage in private and personal pursuits of their own during rest or meal breaks of more than twenty (20) minutes while "on duty", Plaintiff and class member are entitled to be paid for  such rest and meal break times at the FLSA minimum wage rate of $7.25 per hour within weekly pay periods during all times material to this action.

10

48. Likewise, since Plaintiff and class members were never relieved of their responsibilities to secure their assigned tractor-trailer "rigs" and the contents within them, nor allowed to leave the  immediate vicinity of their "rigs" to engage in private and personal pursuits of their own during rest or meal breaks of more than twenty (20) minutes while "on duty", Plaintiff and class member are entitled to be paid for such rest and meal break times at the Nebraska  minimum wage rate of $9.00 per hour within weekly pay periods during all times material to this action – pursuant to Nebraska's deference to the FLSA regarding such rest and meal breaks.

49. Defendants' failure to compensate Plaintiff and similarly situated "over-the-road" truck driver trainees in the amount owed them was willful and with reckless disregard to established minimum wage requirements of the FLSA and the NWHA.

50. Defendants' failure to compensate Plaintiff and similarly situated "over-the-road" truck driver trainees in the amount owed them was without a good faith basis.

51. Defendants were aware they were not compensating Plaintiff and similarly situated "over-the-road" truck driver trainees at the required FLSA and Nebraska minimum wage rates of pay per hour for all their compensable work time within applicable weekly pay periods during all times material to this action.

52. The aforementioned minimum wage claims of Plaintiff and similarly situated "over-the-road" truck driver trainees are unified through common theories of Defendants' FLSA statutory violations.

53. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery.  However, when an employer fails to keep complete and accurate time

records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.      COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

55. Plaintiff seeks to represent a nationwide class of all individuals who have undergone Defendants' driver training program and who were subject to their unlawful compensation plans, policies and practices at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter.

56. The minimum wage claims of Plaintiff and those similarly situated may be pursued by opting in to this case pursuant to 29 U.S.C. § 216(b).

57. The minimum-wage claims of Plaintiff and class members are unified through common theories of Defendants' FLSA statutory violations.

58. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and can only be ascertained through applicable discovery, she believes there are hundreds of individuals in the putative class.

59. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class were subjected to the same operational, compensation and timekeeping policies and practices of Defendants, without being paid for all their aforementioned training and orientation "over-the-road" work at the applicable FLSA rates of pay

12

60. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were required and/or, suffered and permitted, to perform work without being paid full compensation;

- Whether Defendants failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiff and the class.

61. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class.  Plaintiff has no interests adverse to the class, and she has retained competent counsel who are experienced in collective action litigation.

62. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

63. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the aforementioned unlawful policies, practices, and procedures implemented by Defendants.

13

64. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay the FLSA minimum wage rates of pay to Plaintiff and other members of the class for all hours worked.

65. At all times relevant, Defendants did not have a good faith basis for their failure to pay the FLSA minimum wage rates of pay to Plaintiffs and other members of the class for all hours worked.

**COUNT I**
**FLSA CLASS VIOLATIONS – FAILURE TO PAY MINIMUM WAGE**

66. Plaintiff on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 65 above, as if they were fully set forth herein.

67. Defendants required Plaintiff and class members to undergo a training program which included "over-the-road" driving on a 24-hour basis for extended periods of time within weekly pay periods during all times material without compensating them at the FLSA minimum wage rate of pay of $7.25 per hour for all compensable hours worked during such days and extended periods of time.

68. Specifically, during Defendants' said training program, Plaintiff and class members were required to remain over-the-road in or in the immediate proximity of their assigned truck for more than twenty-four (24) consecutive hours.

69. In addition, throughout each such 24-hour period, Plaintiff and class members were required to remain on in the immediate vicinity of their assigned truck and under the control of Defendants to assist in driving cargo along with their respective co-driver/trainer.

70. Plaintiff and class members were required to remain in or in the immediate vicinity of their assigned truck to protect Defendants' truck, trailer and cargo, even when their assigned truck was not in movement.

14

71. Based on the above and pursuant to CFR 785.22, Plaintiff and class members were entitled to be paid at the FLSA minimum wage rate of $7.25 per hour for 16 hours per each such 24-hour period (amounting to a total of $116.00 per day) during their "over-the-road" training within weekly pay periods during all times material to this action.

72. They were not so compensated.

73. Plaintiff and class members were required to "reside" in the power units (trucks) of their assigned tractor-trailer "rigs" during each such 24-hour period for extended periods of time and sleep and rest in sleeper berths available inside of such power units.

74. Considering Plaintiff and class members were not allowed to engage in private and personal pursuits outside the immediate vicinity of their power units during such 24-hour periods over such extended periods of time, they are entitled to at least the FLSA minimum wage rate of $7.25 per hour for each 24-hour period (amounting to a total of $174.00 per each 24-hour period) within weekly pay periods during all times material to this action. (CFR 785.22)

75. They were not so compensated.

76. Compensable rest breaks of less than twenty (20) minutes of Plaintiff and class members were "edited-out" of their "on-duty" pay – for which they were not paid at the FLSA minimum wage rate of pay of $7.25 per hour.

77. Compensable rest and/or meal breaks of twenty (20) minutes or more of Plaintiff and class members were "edited-out" of their "on-duty" pay -- for which they were not paid at the FLSA minimum wage rate of pay of $7.25 per hour  -- based on the fact they were not fully relieved of their job duty to secure the tractor-trailer "rig" assigned to them during such breaks.

78. Defendants' aforementioned unlawful acts and omissions were willful with reckless disregard to established FLSA minimum wage requirements.

79. Defendants' aforementioned unlawful acts and omissions were devoid of a good faith basis.

80. Due to Defendants' aforementioned willful FLSA violations and, lack of a good faith basis. in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendants compensation for the aforementioned unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATIONS OF THE NEBRASKA WAGE AND HOUR ACT**
**(On Behalf of the Class)**

81. The foregoing paragraphs are incorporated herein as if set forth fully.

82. At all times material herein, Defendants were and continue to be an "employer" within the meaning of R.R.S. Neb. § 48-1202(2)

83. At all times material herein, Plaintiffs and class members were/are "employees" of Defendants within the meaning of R.R.S. Neb. § 48-1202(3).

84. Specifically, during Defendants' training program, Plaintiff and class members were required to remain over-the-road in or in the general proximity of their assigned truck for more than 24 consecutive hours.

85. In addition, throughout each such 24-hour period, Plaintiff and class members were required to remain on or near their assigned truck and under the control of Defendants to assist in driving cargo along with their respective co-driver/trainer.

16

86.  Plaintiff and class members were required to remain in or in the immediate vicinity of their assigned truck to protect Defendants' truck, trailer and cargo, even when their assigned truck was not in movement.

87. Plaintiff and class members were entitled to be paid the Nebraska minimum wage rate of pay of $9.00  per hour for 16 of each such 24-hour period (amounting to a total of $144.00 per each 24-hour period) within weekly pay periods during all times material to this action.

88. They were not so compensated.

89. In addition, Plaintiff and class members were required to "reside" in the power units of their assigned tractor-trailer "rigs" during each such 24-hour period for extended periods of time and sleep and rest in sleeper berths available inside of such power units.

90. Considering Plaintiff and class members were not allowed to engage in private and personal pursuits outside the immediate vicinity of their power units during such 24 hour periods over such extended periods of time, they were entitled to at least the Nebraska minimum wage rate of $9.00 per hour for each 24-hour period (amounting to $216.00 per each 24-hour period) within weekly pay periods during all times material to this action.

91. They were not so paid so compensated.

92. Compensable rest breaks of less than 20 minutes of Plaintiff and class members were "edited-out" of their "on-duty" pay – for which they have not been paid at the Nebraska minimum wage rate of pay of $9.00 per hour.

93. Compensable rest and/or meal breaks of 20 minutes or more of Plaintiff and class members were "edited-out" of their "on-duty" pay – for which they have not been paid at the Nebraska minimum wage rate of pay of $9.00 per hour  -- inasmuch as they were not fully

17

relieved of their job duty to secure the tractor-trailer "rig" assigned to them during such breaks.

94. Defendants' aforementioned unlawful acts and omissions were willful with reckless disregard to established FLSA minimum wage requirements.

95.  Defendants' aforementioned unlawful acts and omissions were devoid of a good faith basis.

96. Due to Defendants' aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendants compensation for the aforementioned unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the NWHA.

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A.  Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B.  Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23,

C.  On Count I, an award of compensation for unpaid minimum wages to Plaintiff and the other members of the class at the applicable FLSA minimum wage rate of pay;

18

D.   On Count II, an award of compensation for unpaid minimum wages to Plaintiff and the other members of the class at the applicable Nebraska minimum wage rate of pay;

E.   On Counts I and II, an award of liquidated damages to Plaintiff and other members of the class;

F.   On Counts I and II, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

G.   On Counts I and II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

H.   On Counts I and II, a ruling that the three (3) year statutory period for willful violations under the FLSA and Nebraska' wage and hour law shall apply in this action, and

I.   Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: November 6, 2020.                    Respectfully submitted,

*/s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
Robert E. Turner, IV (TN BPR #35364)
**JACKSON, SHIELDS, YEISER, HOLT
OWEN & BRYANT**
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rturner@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*

19