IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYNTHIA ROGERS, Individually. and on behalf herself and other similarly situated individuals as a class;<br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., and DRIVERS MANAGEMENT, LLC,<br>Defendants. | 8:20-CV-468<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Defendants' Motion to Dismiss Certain Claims for Failure to State a Claim. Filing 14. Plaintiff Cynthia Rogers alleges Defendants underpaid her and similarly situated student-truck drivers in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 et seq. For the reasons discussed below, Defendants' Motion to Dismiss, Filing 14, is denied.

## I. BACKGROUND

Plaintiff Cynthia Rogers was previously employed as an over-the-road truck driver trainee with defendants Werner Enterprises, Inc. and Drivers Management, LLC. Filing 1 at 3.[1] Defendants are an integrated enterprise for FLSA purposes. Filing 1 at 3. Defendants own and operate a fleet of trucks and trailers used in trucking and training operations, and they are headquartered in Nebraska. Filing 1 at 4.

During Defendants' training program, which Rogers and other similarly situated trainees took part in, trainees resided in their trucks during multi-day trips, typically for seven days at a time, trading off driving duties with an assigned co-driver/trainer, "on a 24-hour basis." Filing 1

---

[1] At this stage of the litigation, all factual allegations contained in the complaint are accepted as true. *See, e.g., Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

1

at 5-6. Rogers alleges Defendants required her and similarly situated trainees "to be responsible for their assigned tractor-trailer 'rigs' and the contents therein on a 24-hour basis during each such assignment." Filing 1 at 6. Trainees were required to remain in the vicinity of their rigs at all times and were required to sleep in their rigs. Filing 1 at 7-8.

Rogers alleges that the only possible non-compensable time in each twenty-four-hour workday was the eight hour rest period provided for by federal regulations, and Defendants were required, but failed, to pay trainees the requisite minimum wage for the remaining sixteen hours of each workday. Filing 1 at 7-8. Rogers further alleges that because trainees were required to reside in their rigs and could not "engage in private and personal pursuits of their own" during their eight hour rest time, Defendants were required to pay them minimum wage for full twenty-four-hour days, but Defendants failed to do so. Filing 1 at 8-9. Rogers also alleges Defendants routinely "edited-out" compensable rest breaks and meal-times and failed to pay trainees for that time in violation of state and federal law. Filing 1 at 10-11.

Rogers's Complaint in the present action sets forth two counts. In her first count, Rogers alleges violations of the FLSA for Defendants' failures to pay minimum wages on behalf of herself and others similarly situated to her. Filing 1 at 14-16. Her second count alleges that Defendants similarly violated the NWHA by failing to pay minimum wage to trainees. Filing 1 at 16-18. Pursuant to 29 U.S.C. § 216(b), Rogers brings her FLSA claims as a collective action. Filing 1 at 16. She also seeks certification of a class action under Federal Rule of Civil Procedure 23 with regard to her state-law claims. Filing 1 at 18.

## II. ANALYSIS

Moving under Rule 12(b)(6), Defendants ask the Court to dismiss, with prejudice, Rogers's "claims that she is entitled to be paid for sleeper berth time, for 24-hour tours of duty, and for rest

breaks or meal breaks of 20 minutes or more as barred by claim preclusion and issue preclusion." Filing 14.[2] In support of their motion, Defendants direct the Court's attention to *Petrone v. Werner Enterprises, Inc.* (case numbers 11-cv-401 and 12-cv-307), a class and collective action involving what Rogers concedes are "very similar claims" to those challenged in the present motion. Filing 14 (Defendants first noting *Petrone*); Filing 21 at 2 (Rogers acknowledging hers are "very similar claims"). Defendants argue that Rogers's "exact same claims were already litigated and decided adversely to student drivers in Petrone," and therefore, Rogers is barred from bringing her claims under the doctrine of res judicata. Filing 15 at 2. Rogers counters that because she was not a member of the class in the *Petrone* class and collective actions, claim and issue preclusion do not bar her claims. Filing 21 at 3. Rogers is correct.

## A. 12(b)(6) Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not

---

[2] Defendants clarify that they are not moving to dismiss Rogers's claims involving "pay for off-duty breaks of 20 minutes or less" at this stage, but they intend to attack the factual support for such claims on a later motion for summary judgment, if needed. Filing 15 at 2 n.1.

bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### B. Res Judicata

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001)). Claim preclusion and issue preclusion, which are collectively referred to as res judicata, define the preclusive effect of a judgment. *Id.* at 892. "The federal common law of preclusion is, of course, subject to due process limitations." *Id.* at 891 (citing *Richards v. Jefferson Cnty.*, 517 U.S. 793, 797 (1996)). The doctrine of res judicata operates to conserve resources and foster reliance on judicial action by "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate." *Id.* at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). Application of the doctrine of res judicata against a person who was not a party to a prior suit "runs up against the 'deep-rooted historic tradition that everyone should have his own day in court,'" because generally, nonparties to prior suits have "not had a 'full and fair opportunity to litigate' the claims and issues settled in [the prior] suit." *Id.* at 892-93 (quoting *Richards*, 517 U.S. at 798).

One recognized exception to the general rule against nonparty preclusion is that a nonparty to a prior suit may be bound by the prior judgment when they are "adequately represented" by a party to the suit, as can be the case in properly conducted class actions. *Id.* at 894. For nonparty representation in a prior suit to be "adequate," at a minimum, the interests of the nonparty must be aligned with a party in the prior suit, and either the prior party must have understood they were acting in a representative capacity or the court must have acted to protect nonparty interests. *Id.* at 900 (citing *Hansberry v. Lee*, 311 U.S. 32, 43 (1940); *Richards*, 517 U.S. at 801-02). "[N]otice of the original suit to the persons alleged to have been represented" is also required in certain contexts. *Id.* at 900 n.11 ("*Richards* suggested that notice is required in some representative suits, e.g., class actions seeking monetary relief." 517 U.S. at 801). The due-process-borne limits on nonparty preclusion are captured in the class action context by Federal Rule of Civil Procedure 23. *Id.* at 900-01; *see* Fed. R. Civ. P. 23(c)(2) ("For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members wo can be identified through reasonable effort."); *see also Calon v. Bank of America, N.A.*, 915 F.3d 528, 530 (8th Cir. 2019) (quoting *In re Gen. Am. Life Ins. Sales Prac. Lit.*, 357 F.3d 800, 802-03 (8th Cir. 2004)) (alteration in original) ("A class member to be bound must receive due process; '[t]he most important element of due process is adequate notice.'").

In the present case, Defendants assert that Rogers's claims are barred by issue and claim preclusion because she was in privity with and adequately represented by the plaintiffs in the *Petrone* collective and class actions. Filing 15 at 9-11. Defendants rely heavily on *Midwest Disability Initiative v. JANS Enterpirses, Inc.*, 929 F.3d 603 (8th Cir. 2019) for the proposition that a nonparty to a suit can be bound by a prior judgment when the previous suit was initiated in a

5

representative capacity by a plaintiff with interests aligned with the nonparty. Filing 15 at 13-14; Filing 24 at 4. *Midwest Disability* was an action for injunctive relief to remove architectural barriers alleged to be in violation of the Americans with Disabilities Act. 929 F.3d at 606.

The lawsuit dismissed in *Midwest Disability* was filed by the Midwest Disability Initiative and one of its members ten days after the Initiative and a different one of its members stipulated to dismissal of a lawsuit seeking essentially the same injunctive relief. 929 F.3d at 606. The Eighth Circuit upheld dismissal of the subsequent action on preclusion grounds, finding that the Initiative, a party to both suits, had adequately represented the subsequent individual plaintiff's interests in the prior lawsuit. *Id.* at 607-09. The *Midwest Disability* court noted that the subsequent plaintiff was a member of the Initiative throughout the prior litigation and observed that such organizations often have standing to sue on behalf of their members. *Id.* at 608. Because of significant differences between the present action and *Midwest Disability*, Defendants' reliance on the case is misplaced.

Defendants point to no organization that would have standing to sue on behalf of its members that was a party in *Petrone* and the present case. *See* Filing 15; Filing 24. More importantly, *Midwest Disability* was not a class or collective action for money damages, unlike *Petrone* and the present case. *See Midwest Disability*, 929 F.3d at 606; Filing 1; Filing 16-1 (Amended Complaint in *Petrone*, 11-cv-401). It is well settled that for a class action lawsuit for money damages to bind an absent class member, the member "must receive notice plus an opportunity to be heard and participate in the litigation." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

Defendants do not allege Rogers was provided with proper notice of the *Petrone* class and collective actions. *See* Filing 15; Filing 24. To the contrary, Defendants acknowledge that Rogers "did not work for Werner until after the judgment was entered in Petrone." Filing 15 at 13; *see*

*also* Filing 21 at 3 n.8 (noting Rogers "began her employment with Defendants in late 2019). Thus, not only would Rogers have been provided no notice of the prior suit, she could not have even been a potential member of the class in *Petrone*. *See* Filing 16-1 at 4, 6 (Amended Complaint in *Petrone* defining the collective action class as "all persons who worked or work in Defendants' Student Driver Program and who were/are subject to Defendants' unlawful pay practices and policies at any point from three years prior to the initial filing of the instant matter to the present," and the class action class as "all persons who worked or work for Defendants as student drivers in the last five years").

Under the law of class action lawsuits, even if Rogers had qualified at the time the *Petrone* lawsuit was pending to be a member of the class, she would have had the right to request exclusion from the class after receiving notice of it while retaining her right to litigate her own claims at a later date. *See* Fed. R. Civ. P. 23(c)(2)(B)(v) (setting forth the "opt-out" nature of class actions, providing that the court must provide notice to Rule 23(b)(3) class members that it will "exclude from the class any member who requests exclusion"). Indeed, "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class . . . ." *Phillips Petroleum*, 472 U.S. at 812; *see also Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1163 (D. Minn. 2007) (citing 29 U.S.C. § 216(b)).[3] Given Rogers could have excluded her claims if she had been a member of the *Petrone* class, it makes little sense to this Court that she should be precluded from making her claims now as someone who was not even employed by the Defendants at the time of the *Petrone* lawsuit.

### III. CONCLUSION

For the reasons state above, Defendants' Motion to Dismiss, Filing 14, must be denied.

---

[3] The Court does not address in this order the question of preclusion as to those individuals who were members of the *Petrone* class and could also be members of the class as proposed in this lawsuit.

IT IS ORDERED:

1. Defendant's Motion to Dismiss, Filing 14, is denied.

Dated this 3rd day of June, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge